PER CURIAM.
Charles P. Naylor, II, pleaded guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C., § 922(g)(1). At sentencing, the government argued that Naylor was an armed career criminal under 18 U.S.C. § 924(e) because he had multiple prior Missouri convictions for second-degree burglary. The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), provides for a minimum fifteen-year term of imprisonment for a person convicted of being a felon in possession of a firearm if the person has three prior convictions for a “violent felony” as that term is defined in 18 U.S.C. § 924(e)(2)(B). Over Naylor’s objection, the district court[2] found that Naylor’s Missouri second-degree burglary convictions were predicate violent felonies, and sentenced Naylor to the mandatory minimum fifteen-year term of imprisonment. Naylor’s plea agreement preserved his right to appeal the court’s determination that Missouri second-degree burglary is a predicate violent felony.
Missouri’s second-degree burglary statute, Mo. Rev. Stat. § 569.170(1),[3] enumerates “at least two alternative elements: burglary ‘of a building’ and burglary of ‘an *513 inhabitable structure,’ separated in the text by the disjunctive ‘or.’ ” United States v. Sykes, 844 F.3d 712, 715 (8th Cir. 2016) (citing Mathis v. United States, 579 U.S. -, 136 S.Ct. 2243, 2256, 195 L.Ed.2d 604 (2016)). Therefore, § 569.170(1) is divisible, and we apply the modified categorical approach to determine whether Naylor’s convictions pursuant to § 569.170(1) match the generic description of burglary. See id. Documents underlying Naylor’s Missouri second-degree burglary convictions indicate that they stemmed from burglaries of buildings. Descamps v. United States, 570 U.S. -, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013) (courts may “consult a limited class of documents” when applying the modified categorical approach). Nay-lor’s Missouri second-degree burglary convictions therefore match the generic definition of burglary and are predicate violent felonies for purposes of the ACCA. See Taylor v. United States, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); Sykes, 844 F.3d at 715. Accordingly, we affirm.

. The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

.The relevant version of the statute reads: “A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.” Mo. Rev. Stat. § 569.170(1) (amended Jan. 1, 2017).